| | |
|---|---|
| DAEWOO MOTOR AMERICA INCORPORATED, a Delaware corporation, named as Cross Claimant,<br><br>Plaintiff,<br><br>v.<br><br>DAEWOO MOTOR COMPANY LIMITED, a foreign entity, named as Cross Defendant,<br><br>Defendant. | No. 2:10-cv-00653-REJ<br><br><br><br><br><br>OPINION AND ORDER |

Frank M. Fox
Thomas C. Hall
CAVANAGH LAW FIRM PA
1850 N. Central Avenue, Suite 2400
Phoenix, AZ  85004

T. Steven Har
DUANE MORRIS LLP
1540 Broadway
New York, NY  10036

   Attorneys for Plaintiff

Larry R. Schmadeka
LEE HONG DEGERMAN KANG & WAIMEY PC
660 S. Figueroa Street, Suite 2300
Los Angeles, CA 90017

Linda H. Mullany
Timothy I. McCulloch
GORDON & REES
111 W. Monroe Street, Suite 1111
Phoenix, AZ 85003

Sean M. Carroll
GORDON & REES LLP - Phoenix AZ
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003-1736

   Attorneys for Defendant

JONES, Judge:

Cross-Complainant Daewoo Motor America, Inc. ("DMA"), brings this action for declaratory relief against Cross-Defendant Daewoo Motor Company, Ltd. ("DWMC"), seeking, in essence, a declaration that DWMC must indemnify DMA for all product liability expenses, including attorney fees and costs, that DMA incurred defending <u>Resende v. The Cooper Tire & Motor Company, et al.</u>, Maricopa County Superior Court Case No. CV2004-009382. DMA originally asserted the cross-claim in <u>Resende</u>; after DWMC settled that action, the cross-claim proceeded separately and on March 24, 2010, DWMC removed the present action to federal court.

This action is now before the court on DWMC's motion (# 39) for summary judgment. The only issue[1] to be resolved is whether DMA's claims are barred by the doctrine of claim

---

[1] DWMC also argues issue preclusion (or collateral estoppel), but that argument is not persuasive in any respect.

2 - OPINION AND ORDER

preclusion, or *res judicata*, based on the Findings of Fact and Conclusions of Law and the Judgment issued in DMA's Chapter 11 bankruptcy case in the United States Bankruptcy Court, Central District of California, Case No. 02-24411 (adversary Case No. 2:03-ap-0-2155-BB). For the reasons explained below, I conclude that DMA's cross-claims are not barred and, consequently, deny DWMC's motion.

DISCUSSION

The parties are familiar with the background giving rise to the present dispute, which I will not repeat here except as necessary to explain my decision.

Federal law governs the preclusive effect of a federal judgment. In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source, 212 Ariz. 64, 69, 127 P.3d 882 (Ariz. 2006)(en banc) (citing, among other cases, Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507 (2001)). As described in Gila River,

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them ... as to every matter which was offered and received to sustain or defeat the claim or demand...."

Gila River, 212 Ariz. at 69 (quoting Nevada v. United States, 463 U.S. 110, 129-30 (1983)).

As recognized by the Arizona courts, under Ninth Circuit jurisprudence, "the differences in the specific legal theory pled in the subsequent suit are irrelevant so long as the claim 'could have been raised in the prior action.'" Howell v. Hodap, 221 Ariz. App. 543, 547, 212 P.3d 881 (Ariz. Ct. App. 2009) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). Specifically:

3 - OPINION AND ORDER

> Res judicata bars relitigation of all grounds of recovery that were asserted or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether they could be brought.

Howell, 221 Ariz. App. at 547 (emphasis deleted) (quoting United States ex rel. Barazas v. Northrup Corp., 147 F.3d 905, 909 (9th Cir. 1998)).

Under ordinary circumstances, DMA's claims against DWMC in this action would unquestionably be barred. The parties are identical, the bankruptcy court's decision is final, and not only could DMA have asserted its indemnity claims in the bankruptcy adversary proceeding, DMA initially did, in fact, assert its indemnity claims against DWMC in that proceeding. The circumstances here depart from the ordinary, however, and I find that an exception to claim preclusion exists under the facts of this case.

In Gila River, the Arizona Supreme Court acknowledged that while a judgment ordinarily will preclude later litigation of "'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction,' . . . that rule does not apply when the parties 'have agreed in terms or in effect that the plaintiff' may reserve a portion of its claim." 212 Ariz. at 72 (citations omitted). As the court explained:

> This is because the 'main purpose' of precluding further litigation on a claim 'is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is ... not applicable where the defendant consents, in express words or otherwise' to allow the plaintiff to pursue his claim in multiple suits.

Id. (citations omitted). Relying on The Restatement (Second) of Judgments, the court further explained that:

The parties' agreement to limit the preclusive effect of a judgment by permitting the plaintiff to try only a portion of its claim may be either express or implied. . . . The Second Restatement elucidates this point:

> After a collision in which A suffers personal injuries and property damage, A commences in the same jurisdiction one action for his personal injuries and another for the property damage against B. B does not make known in either action his objection (usually called "other action pending") to A's maintaining two actions on parts of the same claim. After judgment for A for the personal injuries, B requests dismissal of the action for property damage on the ground of merger. Dismissal should be refused as B consented in effect to the splitting. . . .

Applying this principle, the Ninth Circuit has held that a county's failure to object in state court proceedings to a plaintiff's attempt to reserve its Fifth Amendment takings claim for federal court impliedly permitted the plaintiff to bring the later federal action. Dodd v. Hood River County, 59 F.3d 852, 86--62 (9th Cir. 1995).

Giles River, 212 Ariz. at 72-73 (citations omitted).

The record in this case establishes the following. In the bankruptcy case, DMA disclosed, in response to DWMC's interrogatories, that DMA's claims in bankruptcy included products liability damages and indemnity, including the Resende matter. See, e.g., DMA's Response to DWMC's Statement of Fact ("DMA SOF"), Exhibit C, pp. 103-104.

During December 2008 and continuing through April 2009, the parties exchanged email and letters concerning whether DMA would pursue the product liability damages and indemnity claims in the bankruptcy, but there is no evidence that DWMC objected to DMA possibly pursuing those claims in the individual product liability actions, including Resende. To the contrary, the parties exchanged a draft stipulation in which, if it had been finalized, the parties would have agreed that those claims would be resolved outside the bankruptcy case. See DWMC's Statement of Undisputed Material Facts, Exhibits 7-8. Although the parties never

5 - OPINION AND ORDER

agreed to a final form of stipulation and never submitted one to the bankruptcy court, there is no evidence that the reason was DWMC's objection to DMA splitting the claims.

In November 2009, the parties *jointly* submitted a 57-page "[Proposed] Second Joint Pretrial Order" to the bankruptcy court. The joint pretrial statement outlines both the issues of fact and issues of law to be litigated in the adversary proceeding; conspicuously absent is any mention of product liability damages or indemnity or any objection to not including those issues. See DMA SOF, Exhibit B, pp. 50-54.

In view of DWMC's failure to object to, and, indeed, complete silence concerning DMA's decision to pursue the product liability damages and indemnity claims in the individual product liability actions, I find that DWMC impliedly consented to DMA bringing those claims as cross-claims in the present action. Accordingly, I deny DWMC's motion (# 39) for summary judgment.

## CONCLUSION

DWMC's motion (# 39) for summary judgment is denied.

DATED this 10th day of August, 2011.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge